1  PHILLIP A. TALBERT
   United States Attorney
2  JUSTIN L. LEE
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for Plaintiff
   United States of America
6

7

**FILED**

JUN 2 7 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO. 2:16-CR-00011-JAM

12                     Plaintiff,       PLEA AGREEMENT

13            v.                        DATE: June 27, 2017
                                        TIME: 9:15 a.m.
14  MOHAMMAD JAVED,                     COURT: Hon. John A. Mendez

15                     Defendant.

16

17                   **I.    INTRODUCTION**

18      **A.    Scope of Agreement**

19          The Information in this case charges the defendant with Unlawful Dealing in

20  Firearms, in violation of 18 U.S.C. § 922(a)(1)(A). This document contains the complete

21  plea agreement between the United States Attorney's Office for the Eastern District of

22  California (the "government") and the defendant regarding this case. This plea agreement

23  is limited to the United States Attorney's Office for the Eastern District of California and

24  cannot bind any other federal, state, or local prosecuting, administrative, or regulatory

25  authorities.

26      **B.    Court Not a Party**

27          The Court is not a party to this plea agreement. Sentencing is a matter solely

28  within the discretion of the Court, and the Court may take into consideration any and all

facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.  DEFENDANT'S OBLIGATIONS

### A.  Guilty Plea

The defendant will plead guilty to Count One of Information charging the defendant with Unlawful Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A).  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

///

///

**B.   Sentencing Recommendation**

The defendant and his counsel may recommend whatever sentence they deem appropriate.

**C.   Fine**

The parties have not reached an agreement with respect to a fine or whether the defendant has the present ability to pay a fine.

**D.   Special Assessment**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.   Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement.  The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to

prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

## III.    THE GOVERNMENT'S OBLIGATIONS

### A.    Recommendations

#### 1.    Sentencing Recommendation

The United States agrees to recommend a sentence at the low-end of the advisory

1 | guideline range determined by the Court.

2 |     2. Acceptance of responsibility

3 |    The government will recommend a two-level reduction (if the offense level is less
4 | than 16) or a three-level reduction (if the offense level reaches 16) in the computation of
5 | defendant's offense level if he clearly demonstrates acceptance of responsibility for his
6 | conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and
7 | assisting the probation officer in the preparation of the pre-sentence report, being truthful
8 | and candid with the probation officer, and not otherwise engaging in conduct that
9 | constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the
10 | preparation of the pre-sentence report or during the sentencing proceeding.

11 |   **B.** **Use of Information for Sentencing**

12 |    The government is free to provide full and accurate information to the Court and
13 | the United States Probation Office ("Probation"), including answering any inquiries made
14 | by the Court and/or Probation, and rebutting any inaccurate statements or arguments by
15 | the defendant, his attorney, Probation, or the Court. The defendant also understands and
16 | agrees that nothing in this Plea Agreement bars the government from defending on appeal
17 | or collateral review any sentence that the Court may impose.

18 |      **IV.** **ELEMENTS OF THE OFFENSE**

19 |    At a trial, the government would have to prove beyond a reasonable doubt the
20 | following elements of the offense to which the defendant is pleading guilty:

21 |    As to Count One, Unlawful Dealing in Firearms, in violation of 18 U.S.C.
22 | § 922(a)(1)(A) [Model Crim. Jury Instr. 8.53]:

23 |    1. The defendant was not licensed to deal firearms; and

24 |    2. The defendant willfully engaged in the business of dealing firearms.

25 |    The defendant fully understands the nature and elements of the crime charged in
26 | the Information to which he is pleading guilty, together with the possible defenses thereto,
27 | and has discussed them with his attorney.

28 | ///

## V.     MAXIMUM SENTENCE

### A.     Maximum penalty

The maximum sentence that the Court can impose is five years of incarceration; a fine of $250,000; a three-year period of supervised release; and a special assessment of $100.  In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

### B.     Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two-years of additional imprisonment.

## VI.     SENTENCING DETERMINATION

### A.     Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII.     WAIVERS

### A.     Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following

1  constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b)
2  to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if
3  necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-
4  examine witnesses against him; and (f) not to be compelled to incriminate himself.

5  ### B.   Waiver of Appeal and Collateral Attack

6  The defendant understands that the law gives the defendant a right to appeal his
7  guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to
8  give up the right to appeal the guilty plea, conviction, and the sentence imposed in this
9  case as long as the sentence does not exceed the statutory maximum.

10  Notwithstanding the defendant's waiver of appeal, the defendant will retain the
11  right to appeal if one of the following circumstances occurs: (1) the sentence imposed by
12  the District Court exceeds the statutory maximum; and/or (2) the government appeals the
13  sentence in the case. The defendant understands that these circumstances occur
14  infrequently and that in almost all cases this Agreement constitutes a complete waiver of
15  all appellate rights.

16  In addition, regardless of the sentence the defendant receives, the defendant also
17  gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255
18  or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-
19  waivable claims. A "collateral attack" in this circumstance means filing a motion in this
20  Court, or any other court challenging any aspect of his guilty plea, his conviction, or his
21  sentence. Therefore, the defendant cannot later decide that he is unhappy with his plea,
22  conviction, or sentence and seek to amend, alter, or overturn it.

23  If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or
24  modify or set aside his sentence on any of the counts to which he is pleading guilty, the
25  defendant will be in breach of the plea agreement and the government shall have the right
26  to void this plea agreement.

27  ///
28  ///

1    **VIII.    ENTIRE PLEA AGREEMENT**

2        Other than this plea agreement, no agreement, understanding, promise, or

3    condition between the government and the defendant exists, nor will such agreement,

4    understanding, promise, or condition exist unless it is committed to writing and signed by

5    the defendant, counsel for the defendant, and counsel for the United States.

6        **IX.    APPROVALS AND SIGNATURES**

7        **A.    Defense Counsel**

8        I have read this plea agreement and have discussed it fully with my client. The

9    plea agreement accurately and completely sets forth the entirety of the agreement. I

10   concur in my client's decision to plead guilty as set forth in this plea agreement.

11

     Dated: __JUNE 27, 2017__
12                                              _____
                                                JOHNNY L. GRIFFIN III
13                                              Counsel for Defendant

14       **B.    Defendant**

15       I have read this plea agreement and carefully reviewed every part of it with my

16   attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my

17   attorney and fully understand my rights with respect to the provisions of the Sentencing

18   Guidelines that may apply to my case. No other promises or inducements have been made

19   to me, other than those contained in this plea agreement. In addition, no one has

20   threatened or forced me in any way to enter into this plea agreement. Finally, I am

21   satisfied with the representation of my attorney in this case.

22
     Dated: __6/27/17__
23                                              _____
                                                MOHAMMAD JAVED,
24                                              Defendant

25

26

27

28

1

**C.     Attorney for the United States**

2      I accept and agree to this plea agreement on behalf of the government.

3   Dated:      6|27|17                        PHILLIP A. TALBERT
                                               United States Attorney
4

5                                       By:  _____
                                             JUSTIN L. LEE
6                                            Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                        .

25

26

27

28

PLEA AGREEMENT                          9

**EXHIBIT A**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between December 5, 2014, and February 17, 2015, in Sacramento County, State and Eastern District of California, the defendant MOHAMMAD JAVED engaged in the business of unlawful dealing in firearms.

On December 5, 2014, an undercover officer ("UC") employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") purchased a Colt .38 Special revolver from JAVED and co-defendant Alphonso HARRIS in exchange for $600 in cash.

On December 7, 2014, the ATF UC purchased an HK Model 41 rifle from HARRIS and JAVED in exchange for $3,500 in cash.

On December 10, 2014, the same ATF UC purchased a Browning Hi-Power pistol from HARRIS and JAVED in exchange for $1,500 in cash.

On December 15, 2014, the same ATF UC purchased two pistols from JAVED in exchange for $2,400 in cash.

On December 30, 2014, the ATF UC purchased four long guns and two pistols from HARRIS and JAVED in exchange for $5,600 in cash.

On January 8, 2015, the ATF UC purchased a rifle and a pistol from JAVED in exchange for $2,800 in cash.

On January 9, 2015, the ATF UC purchased six long guns and three pistols from HARRIS and JAVED in exchange for $14,000 in cash.

On January 20, 2015, the ATF UC purchased two rifles, a pistol, and a silencer from JAVED in exchange for $9,500 in cash.

On January 21, 2015, the ATF UC purchased three pistols and a silencer from JAVED in exchange for $9,000 in cash.

On January 23, 2015, the ATF UC purchased two shotguns and three pistols from JAVED in exchange for $10,600 in cash.

1  On February 6, 2015, the ATF UC purchased an AR-15 rifle, a shotgun, a Glock
2  pistol with an obliterated serial number, and a Smith & Wesson pistol in exchange for
3  $7,000 in cash.

4  On February 17, 2015, law enforcement officers executed search warrants at
5  JAVED business, S&S Tire where the ATF UC had purchased most of the firearms from
6  JAVED, and JAVED's residence. At S&S Tire, law enforcement officers found six pistols
7  and three silencers. At JAVED's residence, law enforcement officers found four pistols, a
8  shotgun, an AK-47-style rifle, and an AR-15-style rifle.

9  At no time has the defendant had a federal firearms license and therefore he is not
10  licensed deal in firearms. JAVED did not conduct a background check or fill out any
11  firearm transfer paperwork prior to providing the firearms to the undercover agent.

12  I, MOHAMMAD JAVED, have read the Stipulated Factual Basis for this plea and
13  agree to the facts and stipulations contained therein.

14  Dated: _____

MOHAMMAD JAVED, Defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

## Agreement to Cooperate

### *Terms of Agreement*

The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

### *Reduction of Sentence for Cooperation*

The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if the defendant provides substantial assistance to the government, pursuant to U.S.S.G. §5K1.1. The defendant understands that he must comply with terms of Exhibit B and not violate this plea agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.

The defendant understands that the government may recommend a reduction in his sentence of less than 50% or no reduction at all; depending upon the level of assistance the government determines that the defendant has provided. If the government's recommended reduction pursuant to §5K1.1 is for a sentence below the statutory

PLEA AGREEMENT                                                       A-3

1  mandatory minimum, the government will also move the Court for a reduction below that
2  minimum term, pursuant to 18 U.S.C. § 3553(e).

3      The defendant further understands that a motion pursuant to U.S.S.G. §5K1.1 is
4  only a recommendation and is not binding on the Court, that this plea agreement confers
5  no right upon the defendant to require that the government make a §5K1.1 motion, and
6  that this plea agreement confers no remedy upon the defendant in the event that the
7  government declines to make a §5K1.1 motion. In particular, the defendant agrees not to
8  try to file a motion to withdraw his guilty plea based on the fact that the government
9  decides not to recommend a sentence reduction or recommends a sentence reduction less
10  than the defendant thinks is appropriate.

11      If the government determines that the defendant has provided further cooperation
12  within one year following his sentencing, the government may move for a further
13  reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

14      Further, other than as set forth above, the government agrees that any
15  incriminating information provided by the defendant during his cooperation will not be
16  used in determining the applicable guideline range, pursuant to U.S.S.G. §1B1.8., unless
17  the information is used to respond to representations made to the Court by the defendant,
18  or on his behalf, that contradict information provided by the defendant during his
19  cooperation.

20      I have read the Agreement to Cooperate and agree to the terms and conditions
21  contained therein.

22  Dated:  6/21/17

23

24  Dated: JUNE 27, 2017

25

26  Dated:  6/27/17

27

28

MOHAMMAD JAVED

JOHNNY L. GRIFFIN, III
Counsel for MOHAMMAD JAVED

JUSTIN L. LEE
Assistant United States Attorney

A-4