Timothy E. Warriner, SB#166128
Attorney at Law
455 Capitol Mall, Suite 802
Sacramento, CA 95814
tew@warrinerlaw.com
(916) 443-7141

Attorney for Defendant,
Mohammad Javed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTSRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MOHAMMAD JAVED,<br><br>　　　　　Defendant | Case No. 2:16-CR-00011 JAM<br><br>**Reply to Government's Opposition to Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i)**<br>**(COVID-19)** |

**I.　　Mr. Javed has Covid-19 risk factors. His continued incarceration presents a risk of serious illness or death.**

The government does not dispute that Mr. Javed has Type 2 diabetes and is overweight. Govt. Opp., p. 2. As discussed in Mr. Javed's motion, these conditions are recognized by the CDC as Covid-19 risk factors, placing Mr. Javed at significantly greater risk for adverse consequences than individuals without risk factors. Mr. Javed also has kidney stones and vision problems. Exhibit 4, p. 17. These documented medical problems are indicators of poor glucose control. Exhibit 5, ¶ 14.

In an Eastern District of California case that is similar to Mr. Javed's, an inmate at FCI Sheridan was granted compassionate release. *United States v. Shallya Kumar Sharma*, 2:15-cr-00051-KJM, 2020 U.S. Dist LEXIS 217215 (E. Dist. Cal. Nov. 19, 2020). Like Mr. Javed, Mr.

Sharma suffered from Type 2 diabetes. The court noted that two staff members and five inmates have tested positive for Covid-19. *Id*. at *7-8. The court expressed the view that the number of confirmed cases may be an indication of how much testing was conducted. *Ibid*. The court referenced other cases where district courts have found the conditions at FCI Sheridan present a high risk of Covid-19 transmission to inmates. *Ibid*; *see, e.g.*, *United States v. Dana*, No. 3:17-cr-148-SI, 2020 WL 3056791, at *4 (D. Or. June 9, 2020) ("BOP does not disclose whether or to what extent [FCI Sheridan] is testing symptomatic or asymptomatic inmates, both or neither"); *United States v. Etzel*, No. 6:17-cr-00001-AA, 2020 WL 2096423, at *4 (D. Or. May 1, 2020) (observing even when no active cases detected "at FCI Sheridan, infection can spread with deadly speed"); *United States v. Moore*, No. 3:16-cr-00171-JO, 2020 WL 2572529, at *2 (D. Or. May 21, 2020) (same); *United States v. Morris*, No. CR99-0174-JCC, 2020 WL 4344945, at *3 (W.D. Wash. June 22, 2020) ("COVID-19 can spread rapidly in [FCI Sheridan], with their tight quarters and unavoidable contact between inmates and staff, [is] the perfect breeding ground for the virus").

Having Type 2 diabetes at FCI Sheridan constitutes and extraordinary and compelling reason for compassionate release. This court has previously found that it has discretion to define what qualifies as an extraordinary and compelling reason for release. *United States v. Darling*, No. 2:04-cr-00250-JAM-1, 2020 WL 4339987, at 2 (E.D. Cal. July 28, 2020). Also, two courts have recently held that U.S.S.G. 1B1.13 is not an "applicable policy statement" for purposes of inmate initiated compassionate release motions, and that "extraordinary and compelling reasons" are something for the court to interpret. *United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, No. 20-1959, 2020 U.S. App. LEXIS 36612 (7th Cir. Nov. 17, 2020). This court should follow holdings of *Jones* and *Gunn*.

Courts have found that due to the risk of contracting Covid-19 disease in federal prison, having Type-2 diabetes is an extraordinary and compelling reason that can warrant compassionate release. *United States v. Colvin*, 451 F.Supp.3d 237, 2020 U.S. Dist. LEXIS 57962, 2020 WL 1613943 (D. Conn. Apr. 2, 2020); *United States v. Williams*, 2020 U.S. Dist. LEXIS 163228 (E. Dist. Mich. Sept. 8, 2020); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 U.S. Dist. LEXIS 58718, 2020 WL 1627331 (E.D. Pa. Apr. 1, 2020); *United States v. Miranda*, 2020 U.S. Dist. LEXIS 78777 at *10 (Dist. Con. May 5, 2020); *United States v. Bradley*, No. 2:14-cr-00293-KJM, 2020 WL 3802794 (E.D. Cal. July 7, 2020); *United States v. Patel*, No. 3:17-cr-164 JBA, 2020 WL 3187980, at *3 (D. Conn. June 15, 2020); *United States v. Rivernider*, No. 10-cr-222, 2020 WL 2393959, at *1 (D. Conn. May 12, 2020).

The court should reject the government's argument that if the court grants compassionate release for Mr. Javed, "all inmates with Type-2 diabetes would have to be released from BOP." Govt. Opp., p. 6. Nor should Mr. Javed's request be viewed as one requesting relief due to the "mere existence" of Covid-19. *Ibid*. The court must consider the totality of the circumstances and apply the section 3553(a) factors. Here, Mr. Javed has served approximately 19 months in prison. He has approximately 11 months to go before he will be eligible for home monitoring. Exhibit 1-A. Were the court to release Mr. Javed, he will have served an adequate term in custody, representing a deterrent and reflecting the seriousness of the offense balanced by his rehabilitation during pretrial release and while at prison. 18 U.S.C. 3553(a). A grant of compassionate release in this circumstance would be an appropriate exercise of the court's discretion. If release is not granted, Mr. Javed is at risk for serious Covid-19 disease during the approximately 11 months remaining before eligibility for home monitoring—i.e., the risk of

harm (death and serious illness) is great while the remaining term (11 months) is not of great duration.

The cases cited by the government are inapposite. The Third Circuit has vacated the opinion in *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). See *United States v. Raia*, 2020 U.S. App. LEXIS 11033 (April 8, 2020). The *Raia* case does not stand for the proposition that the "mere existence" of Covid-19 and risk of spread in prison does not justify compassionate release. The Third Circuit in *Raia* remanded to the district court finding that a compassionate release motion could not be made directly to the Circuit Court of Appeal. Thus, no decision about compassionate release was made by the Third Circuit. The statement concerning the "mere existence" of Covid-19 is in an end note. The *Raia* court did not evaluate the facts and arguments in support of compassionate release. It should be noted that on remand, the district court granted compassionate release.

The government also cites *United States v. Eberhart*, 448 F. Supp. 3d 1086 (N.D. Cal. 2020). Govt. Opp., p. 6. The *Eberhart* case is not at all like Mr. Javed's matter. In *Eberhart*, the court stated that the defendant failed to show that concerns about the spread of Covid-19 "without other factors to consider in his particular case," present extraordinary and compelling reasons for release. *Id*. at 1089. The defendant in *Eberhart* lacked medical conditions constituting Covid-19 risk factors and was considered a danger to the community. *Ibid*.

**II.     Mr. Javed is not a danger to the public. His conduct during pretrial proceedings and while at FCI Sheridan demonstrates rehabilitation.**

Counsel for the government argues that Mr. Javed should not be given compassionate release because he constitutes a danger to the public. The court should reject this argument as there is no basis to find he presents a danger to the public.

There is no indication of dangerousness during the course of the district court proceedings. Mr. Javed was released during all pretrial proceedings beginning on December 15, 2015. He was ordered released on a $50,000 unsecured appearance bond co-signed by his father. He remained out of custody until his self surrender date of April 23, 2019. During this approximate 40 month period, Mr. Javed was a law abiding individual and followed the rules of pretrial services. His period of time on pretrial release, during which he obeyed the law, exceeded the term of supervised release imposed by the court.

Not only did Mr. Javed remain law abiding during his time of pretrial release, his conduct during that period demonstrates rehabilitation. The probation officer writes, on page 19 of the PSR:

> It appears the defendant is taking responsibility for his actions by choosing to make good use of his time since being released on pretrial supervision and awaiting his sentencing. Devoting his time to helping feed the needy is commendable. Additionally, the defendant has given up using illegal narcotics and drinking alcohol. Instead, he is focusing on his family and living a lifestyle away from crime by helping feed the poor in his community. It is the hope of the probation officer that he continues to fulfill his chosen lifestyle even after he is released from custody.

The probation officer's reference to "helping feed the poor" is to Mr. Javed's participation with the non-profit, SEVA, which has provided over 250,000 meals to the homeless. PSR, ¶ 65, 67-68. Mr. Javed also provided assistance to veterans and to the victims of Hurricane Harvey. PSR, ¶ 66; Exhibit 7[1] (letters of Jindeed Hansi and Balraj Randhawa).

Mr. Javed's conduct at FCI Sheridan also demonstrates that he is not a danger to the public. During his approximate 19 months in custody, Mr. Javed has participated in programming opportunities at the prison including vocational training. He as been employed at the prison and has suffered no disciplinary violations whatsoever. Exhibit 2, ¶s 8, 9, 10.

---

[1] All exhibit references are to Mr. Javed's compassionate release motion.

Mr. Javed's release plan will assure he is successful if released: he will be residing with his wife at their residence in Woodland and can resume work at S&S tires, a business owned by his wife. Exhibit 2, ¶s 4 & 10; Exh. 7 (letter of Sidra Mubeen). Mr. Javed has been married to Sidra Mubeen for more than 12 years. *Ibid*. They have two young children, ages 5 and 9. *Ibid*. Mr. Javed would play an essential role in taking care of his children. *Ibid*.

**III.     Mr. Javed has complied with the administrative exhaustion requirement.**

Mr. Javed requested consideration for compassionate release by way of his June 8, 2020 letter. More than 30 days have elapsed. The government agrees that Mr. Javed has satisfied the statutory administrative exhaustion requirement of 18 U.S.C. 3582(c)(1). Govt. Opp., p. 2.

**Conclusion**

For these reasons, the court should reduce defendant Mohammad Javed's sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).

DATED: November 23, 2020                               Respectfully submitted,


                                                                        /s/ Timothy E. Warriner, Attorney for
                                                                        Mohammad Javed